**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MOISES PLEITEZ CASTILLO, | Case No.: 2:26-cv-00777-APG-BNW |
| Petitioner | **Order Setting Evidentiary Hearing** |
| v. | |
| MARKWAYNE MULLIN, et al., | |
| Respondents | |

Petitioner Moises Mario Pleitez Castillo (Pleitez) is a citizen of El Salvador who is currently detained by U.S. Immigration and Customs Enforcement (ICE). ECF Nos. 8 at 2-3; 9-4 at 2. I previously granted in part Pleitez's habeas corpus petition. ECF No. 18. I ordered that by July 15, 2026, the government had to provide Pleitez "with written notice (1) stating that Pleitez's parole is being revoked; (2) identifying who made the revocation decision with sufficient information to evaluate whether the person was an authorized official under the regulation; and (3) providing the grounds for the revocation decision." *Id.* at 15. I also ordered that by July 22, 2026, the government "must provide Pleitez with a hearing before an immigration judge at which he can challenge his parole revocation unless he waives that hearing." *Id.*

On July 15, 2026, the government filed a status report advising that it would not comply with my order because "ICE has identified no statutory or regulatory mechanism through which it can convene the hearing the Order contemplates." ECF No. 19 at 1-2. The government also indicated that the notice to appear served as the notice that Pleitez's parole was revoked. *Id.* at 2. In conclusion, the respondents stated that they "have provided Petitioner with the written notice

contemplated by 8 C.F.R. § 212.5(e)(2)(i) and respectfully submit this report to advise the Court of the foregoing." *Id.* at 3.

The government did not comply with the portion of my order that required them to give Pleitez notice of his parole revocation because the government rested on the prior notice to appear even though I had already ruled that the notice to appear was insufficient. ECF No. 18.  I thus again ordered the government to give Pleitez written notice of his parole termination that complies with my order. ECF No. 20.  Specifically, I ordered the government to provide Pleitez with written notice (1) stating that Pleitez's parole is being revoked; (2) identifying who made the revocation decision with sufficient information to evaluate whether the person was an authorized official under the regulation; and (3) providing the grounds for the revocation decision. ECF No. 20 at 2.  I advised the government that the "notice to appear previously provided to Pleitez does not satisfy this requirement." *Id.* (emphasis omitted).

The government asserts that it has now complied with my order by a Notice of Parole Revocation given to Pleitez on July 17. ECF No. 21-1.  It is questionable whether that notice complies with my order.  It does advise Pleitez that his parole has been terminated. *Id.* at 2.  The Notice of Parole Revocation does not, by its own terms, identify the individual who made the revocation decision.  I understand (perhaps incorrectly) the government's position to be that, taking together the Notice of Parole Revocation and the notice to appear, the official who made the decision to revoke parole is the person who signed the notice to appear.  I make this assumption because the government has not identified any other person as the decisionmaker despite my order directing it to do so.

However, it does not appear from the information before me that the person who signed the notice to appear is authorized to make a parole revocation decision.  Under 8 C.F.R.

§ 212.5(e)(2)(i), "when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien . . . ." Paragraph (a) lists various officials who may make the revocation decision:

> the Assistant Commissioner, Office of Field Operations; Director, Detention and Removal; directors of field operations; port directors; special agents in charge; deputy special agents in charge; associate special agents in charge; assistant special agents in charge; resident agents in charge; field office directors; deputy field office directors; chief patrol agents; district directors for services; and those other officials as may be designated in writing, subject to the parole and detention authority of the Secretary or his designees.

The person who signed the notice to appear is "Anna Aegerter – SDDO." ECF No. 9-3 at 2. Presumably, SDDO means Supervisory Detention and Deportation Officer. SDDO is not one of the listed officials, and I have no evidence that an SDDO (or Aegerter individually) was an official who was designated in writing to make parole revocation decisions at the time Pleitez's parole was revoked. Thus, I will hold a hearing at which the parties can present evidence regarding whether Anna Aegerter was an official with authority to revoke parole under 8 C.F.R. § 212.5(e)(2)(i).

Additionally, it is not clear from the government's response that Aegerter made the decision to revoke parole on one of the regulatory grounds. I understand the government's position to be that because of Pleitez' s convictions, the public benefit no longer warrants his presence in the United States. The government's Notice of Parole Revocation points Pleitez to the prior notice to appear and states that the "U.S. Department of Homeland Security, U.S. Immigration and Customs [E]nforcement" (not specifically Aegerter) "determined to place [Pleitez] into removal proceedings, through [the notice to appear] after [his] . . . conviction for Driving Under the Influence, and [his] . . . arrest and pending criminal charge for Battery

Domestic Violence." ECF No. 21-1 at 2.  The Notice of Parole Revocation thus does not explicitly state that Aegerter decided to revoke Pleitez's parole because she is a designated official who found that neither humanitarian reasons nor public benefit warrants his continued presence in the United States due to his criminal convictions. *See* 8 C.F.R. § 212.5(e)(2)(i). Accordingly, at the hearing, the parties can also present evidence on whether Aegerter actually decided to revoke parole because she found that due to his convictions, the public interest was no longer served by his parole.

This is the third time I have had to address this issue.  My prior orders to give a compliant notice could not have been clearer, and compliance should have been exceedingly simple.  For reasons known only to the government, it has either been obstinately unwilling or incapable of complying by providing a straightforward response, and in doing so, it has only diminished its credibility.  If an authorized official actually made the requisite antecedent findings to revoke parole, then it should be easy for the government to simply say so.  Instead, it has produced a cagey response that leaves open the very questions it was supposed to answer.  Thus, I will hold a hearing on the matter and expend even more of the court's and the parties' limited time and resources on what should have been a non-issue from the start.

I THEREFORE ORDER that I will hold an evidentiary hearing on the motion for temporary restraining order (ECF No. 3) on **Wednesday, July 29, 2022 at 10:00 a.m. (PDT) in Las Vegas Courtroom 6C**.

DATED this 27th day of July, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE